548       July 15, 2026       No. 674

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. D. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner below,*
*and*

G. R.-I.,

D. D., and J. D. K.,
*Respondents,*

*v.*

D. E. K.,
*Appellant.*

Marion County Circuit Court
20JU05892; A189183 (Control)

In the Matter of E. S.-K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner below,*
*and*
G. R.-I., D. D.,
and E. S.-K.,
*Respondents,*

*v.*

D. E. K.,
*Appellant.*

Marion County Circuit Court
20JU05891; A189182

Tiffany Underwood, Judge pro tempore.

Submitted May 21, 2026.

George W. Kelly filed the brief for appellant.

Aron Perez-Selsky filed the brief for respondents G. R.-I. and D. D.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondents J. D. K, and E. S.-K.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated juvenile dependency case, father appeals orders denying his motions to dismiss jurisdiction and terminate the wardships over his two children, E and J, who were 9 and 8 years old respectively at the time of the hearing on father's motion. Father assigns error to the juvenile court's denial of his motions to dismiss jurisdiction, arguing that the court erred in concluding that the conditions and circumstances on which jurisdiction was based continued to endanger his children. We affirm.

We review the denial of a motion to dismiss dependency jurisdiction and terminate the juvenile court's wardship over a child for errors of law. *Dept. of Human Services v. G. E.*, 243 Or App 471, 478, 260 P3d 516, *ahd'd to as modified on recons*, 246 Or App 136, 265 P3d 53 (2011). "We are bound by the juvenile court's findings of historical fact as long as there is any evidence to support them." *Id.*

"A juvenile court has dependency jurisdiction over a child whose 'condition or circumstances are such as to endanger' the child's welfare." *T. W. v. C. L. K.*, 310 Or App 80, 88, 483 P3d 1237, *rev den*, 368 Or 515 (2021) (quoting ORS 419B.100(1)(c)). "A child's welfare is 'endangered' within the meaning of the statute if the child is exposed to a current threat of serious loss or injury and that threat is reasonably likely to be realized." *Id.* (internal quotation marks omitted). To establish jurisdiction in the first instance, the petitioner bears the burden of proving not only a current and nonspeculative risk to the child, but also that there is "a nexus between the parent's allegedly risk-causing conduct and the harm to the child." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 714, 425 P3d 775 (2018).

"[O]nce a permanency plan has been changed away from reunification, a parent seeking dismissal of dependency jurisdiction must prove that the bases for jurisdiction no longer pose a current threat of loss or harm to the child that is reasonably likely to be realized." *Dept. of Human Services v. T. L.*, 279 Or App 673, 690, 379 P3d 741 (2016). "[A] juvenile court may not continue a wardship based on facts that have never been alleged in a jurisdictional petition." *G. E.*,

243 Or App at 479. That is, "if a fact cannot be fairly implied by the original jurisdictional bases, the juvenile court errs if it relies on that fact to continue dependency jurisdiction." *Dept. of Human Services v. V. M.*, 315 Or App 775, 784, 502 P3d 773 (2021).

In this case, the juvenile court asserted jurisdiction over E and J because father "failed to provide adequate supervision of the child[ren]" and was "aware that the mother cannot safely parent the child[ren] but has done nothing to assert custody of his child[ren]," and because both children were "in need of structure that the father failed to or is unable to provide." Subsequently, the court changed the permanency plans for both E and J from reunification to guardianship and established guardianships over both children. Thereafter, father moved to terminate the juvenile court's jurisdiction and wardship over the children, and the court denied that motion.

We conclude that the juvenile court did not err in determining that father did not meet his burden to prove that the bases for jurisdiction no longer posed a current, non-speculative threat of serious loss or injury to E and J. There is evidence in the record that both E and J have long had substantial needs related to attention deficit hyperactivity disorder (ADHD), oppositionality, and defiant behavior and that, although the children's behavior had improved in the guardians' care, both E and J continued to have significant needs for highly structured routine and attentive, active supervision because of their behavior. There is also evidence that, historically, father had started but not completed parenting classes and, although he participated in four months of hands-on parenting training, he was unable to implement the skills taught in those sessions during visits with E and J, including consistently redirecting and disciplining them, such that the visits were generally "chaotic." Moreover, at the time of the hearing on his motion to dismiss, father had not had any contact with the children for a year, at least in part because he was unwilling to sign an agreement with the guardians regarding contact and visitation with the children, and he had not taken any steps during that year to better understand the children's needs.

Given the record before the juvenile court, we conclude that it did not err in denying father's motions to dismiss jurisdiction and terminate the wardships over E and J. Accordingly, we affirm.

Affirmed.